# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| GARY ALLAN COOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-2094-DDN |
| | ) | |
| UNKNOWN BURNIG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Gary Allan Cooks (registration no. 172469) for leave to commence this action without payment of the required filing fee [Doc. #3].

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $6.13, and an average monthly balance of $.68. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.23, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks unspecified monetary relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are Unknown Burnig (an eye doctor), Unknown Long (a dentist), and the "Mental Health Committee Adjustment Board and Central Transfer Agency."

In paragraph one of the complaint, plaintiff asserts a claim against defendant Dr. Burnig. Plaintiff summarily alleges, "Dr. Burnig refuses to provide plaintiff his needed prescribe[d] eye lenses." Plaintiff further states that he "cannot do much litigation without [his] reading lenses." In paragraph two, plaintiff asserts his claim against defendant Dr. Long, and states, "Miss Long refuses to pull out plaintiff's painful tooth cavity." In paragraph three of the complaint, plaintiff asserts a claim against defendant Mental Health Committee Adjustment Board and Central Transfer Agency. Plaintiff alleges that this defendant refuses to transfer him to a regular prison.

## Discussion

### 1.    <u>Permissive Joinder</u>

At issue is whether the defendants are properly joined in the instant lawsuit. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases). The Court holds that they are not.

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

The allegations in paragraphs one, two, and three of the complaint do not pertain to the same defendant(s) or arise out of the same series of transactions and occurrences. As a result, defendants are not properly joined under Rule 20(a)(2).

Because plaintiff's allegations first address his claim against Dr. Burnig, and because defendants are not properly joined under Rule 20(a)(2), the Court will dismiss

this action without prejudice as to defendants Dr. Long and the Mental Health Committee Adjustment Board and Central Transfer Agency. If plaintiff wishes to bring claims against these defendants, he must file a separate complaint against each party, in compliance with the Federal Rules of Civil Procedure.

### 2.   28 U.S.C. § 1915(e)(2)(B)

Plaintiff claims that Dr. Burnig refuses to provide him "needed prescribed eye lenses" and that he "cannot do much litigation without [his] reading lenses." The Court notes that plaintiff is bringing this action against Dr. Burnig in his official capacity. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri; however, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). As such, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to Dr. Burnig.

As additional grounds for dismissing this action against Dr. Burnig, the Court notes that mere negligence does not rise to the level of a constitutional violation. See

Daniels v. Williams, 474 U.S. 327, 328 (1986); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986)(Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).  Moreover, to state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs.  Estelle, 429 U.S. at 106; Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995).  To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that the defendant actually knew of but disregarded those needs.  Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).  Medical malpractice alone is not actionable under the Eighth Amendment. Smith v. Clarke, 458 F.3d 720, 724 (8th Cir. 2006).  To state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  Plaintiff's allegations relative to Dr. Burnig do not rise to the level of deliberate indifference, and therefore, they fail to state an Eighth Amendment claim.

Accordingly,

-6-

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.23 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to defendant Unknown Burnig, the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that defendants Unknown Long and the Mental Health Committee Adjustment Board and Central Transfer Agency are **DISMISSED** without prejudice, because they are not properly joined in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as Gary Allan Cooks v. Unknown Burnig, Unknown Long, and Mental Health Committee Adjustment Board and Central Transfer Agency.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th  Day of January 2013.


                                    /s/Jean C. Hamilton
                                    UNITED STATES DISTRICT JUDGE